62-64 East 34th Street Corporation v. Commissioner.
62-64 East 34th St. Corp. v. Commissioner
Docket No. 109662.
United States Tax Court
1943 Tax Ct. Memo LEXIS 386; 1 T.C.M. (CCH) 826; T.C.M. (RIA) 43144; March 25, 1943
*386 1. Reasonable allowances for compensation for personal services determined upon the evidence. 2. Where the parties are the same as in a prior proceeding and the points or questions to be determined, namely, the basis and rate of depreciation of buildings, are the same as those determined in the prior proceeding, held, the rule of res judicata is applicable. Benjamin Mahler, Esq., 39 Broadway, New York City, for the petitioner. James C. Maddox, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in income tax for the years 1938 and 1939 in the respective amounts of $1,128.93 and $821.71, and deficiencies in excess profits tax for the same years in the respective amounts of $715.98 and $672.66. An issue regarding depreciation was raised by the petition and met in respondent's answer by a plea of res adjudicata. Respondent's plea was sustained by a ruling from the bench. Petitioner has waived other minor errors alleged in the petition, and this leaves for consideration herein the reasonableness of certain deductions for compensation, part of which were disallowed in the notice of deficiency. Findings of Fact Petitioner, *387 a New York corporation, was organized in September 1934. Its returns for the tax years were filed with the Collector for the second district of New York. Since 1934 Abraham Reich has been president and vice president and Adolph Fortgang has been treasurer of petitioner. These individuals each own fifty per cent of petitioner's stock. For many years prior to 1934 Reich and Fortgang had been the lessees of premises located at 62-64 East 34th Street and 49-51 1/2 East 33rd Street, New York City, under 25-year, leases. On September 21, 1934 they executed a contract to purchase these premises for the sum of $225,000. On the same day the contract of purchase was assigned to petitioner, which assumed the liabilities connected with the purchase of the properties. Petitioner's board of directors resolved that Reich and Fortgang be employed "to supervise, manage and take complete charge of the company's property" and that they should receive as compensation for their services the following percentages of gross rents: 5% of the gross rentals up to and including $18,000; 25% of the next $6,000; 50% of the next $6,000; 66 2/3% of the next $5,000; and 75% of all gross rentals in excess of $35,000: *388 The compensation was to be divided between Reich and Fortgang in proportion to the time devoted by each to petitioner's affairs. The 33rd Street premises consisted of a six-story building which was occupied during 1938 and 1939 and prior thereto by Harpers Brothers Magazines. The rent paid by the latter in the tax years was $4,175 every three months. Such sums were paid to petitioner's attorney. The lessee of the 33rd Street premises took care of all repairs thereto. The 34th Street property was orginally a residence, but had been remodeled by Reich and Fortgang to provide for two stores on the ground floor and apartments above the stores. There were approximately eleven two-room apartments and eight single-room apartments. Each had a separate bath and most of them had refrigeration. A janitor was employed who attended to the furnace, took care of the cleaning and assisted in making repairs. The tenants were mostly transients, single persons, who usually remained for periods ranging from two weeks to six months. The leases were generally oral. During the tax years Reich and Fortgang were actively engaged in managing and operating the 34th Street property. Reich was a general handy-man *389 around the apartments. He took care of the minor repairs, the carpentering, plumbing and painting, and whatever else was necessary to keep the property in rentable condition. He would arrive on the premises at about ten o'clock each morning except Sunday and spend between five and six hours a day there. The building was old and required a good deal of attention. Reich was generally kept busy with repairs and with the renovation and cleaning of apartments for new tenants. He also assisted in renting the apartments when Fortgang was not on the premises. Fortgang took care of renting the apartments. He interviewed prospective tenants, collected the rents, handled the financial end of petitioner's business, and assisted Reich in the repair work upon occasions. He would spend three or four afternoons a week on the premises from about noon until four or five o'clock. Petitioner advertised rooms for rent on Saturdays and Sundays, and Fortgang would stand outside the building and endeavor to rent the rooms. On the average, approximately six of the apartments were vacant during the tax years. Fortgang handled petitioner's bank account, the payment of all but very minor expenses, and the payment *390 of interest and principal upon the mortgages. In 1939 he carried on some negotiations for the extension of a mortgage. Since 1917 Fortgang has been a member of a partnership engaged in the wholesale butter and egg business. Its sales approximated $4,000,000 a year. As a rule Fortgang's partnership activities were completed by noon. On petitioner's returns for 1938 and 1939 rental income was reported in the respective amount of $34,096.31 and $35,007.50. Income from no other source was reported. Reich received compensation from petitioner in the amounts of $6,500 for 1938 and $4,915 for 1939. Fortgang received compensation in the amounts of $5,200 for 1938 and $3,615 for 1939. Respondent disallowed $1,500 of the amount paid to Reich in 1938 and all of the compensation paid to Fortgang except $500 for each year. Reasonable allowances for the personal services rendered by Reich during 1938 and 1939 are $5,000 and $4,915, respectively, and for the personal services rendered by Fortgang, $1,800 per annum. In a prior proceeding brought by petitioner, Docket No. 101955 [Dec. 11,831-B], the Board of Tax Appeals adjudged that the basis for depreciation of petitioner's buildings was $91,000 *391 and that the proper rate of depreciation for the tax year 1936 was three per cent. The petitioner in that proceeding contended for a base of $145,000 and a rate of four per cent. No appeal was taken from the Board's decision and it has become final. The Commissioner computed depreciation for the instant taxable years in accordance with the prior decision of the Board. The petitioner assigned error to respondent's computation. The assignments of error and the facts alleged in the present petition in support thereof are substantially identical with the issue raised and the facts pleaded and proved in the prior proceeding. Opinion ARUNDELL, Judge: Our conclusion as to what constitutes reasonable compensation for the services of Reich and Fortgang in the tax years is embodied in the findings and requires little discussion. The amounts allowed by the Commissioner for the type of services performed by Reich are ample, in our view, if not too generous. Certainly the record would not support a finding that $5,000 in 1938 is unreasonably low. With respect to Fortgang, however, we think the services performed by him, as disclosed by the record, would reasonably call for a higher salary than *392 the $500 yearly allowance made by respondent. The evidence presents a rather detailed description of Fortgang's duties, but it affords little basis upon which any particular figure might be selected as reasonable. It is rather a matter of common knowledge, however, that a usual rate of compensation to a rental collection agent is five per cent of rents collected. Here, disregarding the $16,700 of rent received from the 33rd Street property (which Fortgang did not collect), the rentals approximated $18,000, five per cent of which is $900. In addition to taking care of the rentals, however, Fortgang performed other services for petitioner, such as handling its bank account, paying bills and negotiation for an extension of a mortgage. Under all the circumstances we feel that $150 per month, or $1,800 a year, is a reasonable and fair figure at which to place the worth of Fortgang's services. With respect to the question of depreciation, we determined in the prior proceeding that the cost allocable to the depreciable buildings was $91,000, and that the useful economic life of the premises was 33 1/3 years. The parties to the present proceeding are the same as in the former, and the points *393 or questions to be determined are the same as the points or questions determined in the former action, namely, the basis and rate of depreciation. In these circumstances the prior decision is res adjudicata. See . Decision will be entered under Rule 50.